92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John E. BROGAN, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 96-3107.
 United States Court of Appeals, Federal Circuit.
 July 16, 1996.
 
 Before NEWMAN, LOURIE and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 John E. Rogan seeks review of the decision of the Merit Systems Protection Board, Docket No. SF0752950303-I-2. The Board found that he failed to comply with the terms of his Last Chance Settlement Agreement, and dismissed the appeal for lack of jurisdiction. We affirm the decision of the Board.
 
 BACKGROUND
 
 2
 In March 1994 the Department of the Air Force discharged Mr. Rogan for inadequate job performance. Mr. Rogan appealed to the Merit Systems Protection Board. Before the appeal was resolved the parties entered into a settlement and last chance agreement. The agreement provided in part that:
 
 
 3
 Appellant is required to perform the duties and responsibilities of his position as set forth in the performance plan of GS-2010-09 Inventory Management Specialist position and must attain a rating of at least "meets" in all critical elements. The Appellant's training needs will be evaluated for this position and he will be given appropriate training and retraining.
 
 
 4
 The agreement provided that Mr. Rogan would receive a performance evaluation ninety days after returning to work and after completing an intensive training program, and that Mr. Rogan waived his appeal rights. The Board then dismissed Mr. Rogan's appeal and entered the agreement into the record for enforcement purposes.
 
 
 5
 After the training program Mr. Rogan received an unsatisfactory performance evaluation from his supervisor, William Umble, and from Barbara Ferguson, the Chief of the Requirements Division. Mr. Rogan was again removed from federal service for failing to satisfy the performance requirements set in the last chance agreement. He appealed to the Board, stating that he had been given inadequate training pursuant to the agreement, that the agency acted in bad faith, and that he did not voluntarily and freely enter into the agreement. The Board rejected these contentions on their merits, and dismissed the appeal.
 
 DISCUSSION
 
 6
 Although Mr. Rogan by agreement waived the right to appeal his separation from service, he is not barred from raising the issue that the agency did not comply with its obligations under the last chance agreement. See McCall v. U.S. Postal Service, 839 F.2d 664, 667-68 (Fed.Cir.1988) (the Board has authority to review and enforce agency compliance with a last chance agreement).
 
 
 7
 On appeal to the Federal Circuit Mr. Rogan argues that he entered into the last agreement under duress. A choice between unpleasant alternatives is not duress.
 
 
 8
 Mr. Rogan did not attain the requisite rating of "meets" in all critical elements, after his training program. He argues that the agency acted in bad faith in giving him a poor performance evaluation. He states that the interim progress reports from his supervisor, Mr. Umble, pointed to a favorable performance review. Mr. Rogan states that the AJ erred in taking the low appraisal scores at face value instead of looking at the underlying documentation.
 
 
 9
 On this factual issue, the Board's finding must be affirmed when there is substantial evidence supporting it. Our review is limited to this criterion. The record contains the poor performance evaluations, and the administrative judge's finding of good faith on the part of the agency. The record does not contain sufficient basis for overturning the Board's decision.
 
 
 10
 No costs.